Dear Ms. D'Agresta:
On behalf of and as General Counsel to The School Board of Osceola County, Florida, you have requested my opinion on substantially the following question:
Does section 1012.65, Florida Statutes, limit the school board to paying no more than 60 days of accrued vacation leave as terminal pay for leave for school board employees holding multi-year employment contracts entered into prior to July 2001 and ending June 30, 2004?
In sum:
The 60-day cap for the lump sum payment of accrued vacation leave established by section 1012.65, Florida Statutes, applies to contracts entered into after July 1, 2001. Section 231.481, Florida Statutes (2001), the predecessor statute to section 1012.65, however, also imposed a 60-day cap for contracts entered into after July 1, 1995. For school board employees holding multi-year employment contracts entered into prior to July 1, 2001, and ending June 30, 2004, such payments are governed by the terms of the contract. However, if such contract was entered into after July 1, 1995, the payments would be limited to 60 days.
In 2005, you contacted this office regarding whether the limitations on terminal pay contained in section 231.40, Florida Statutes (now section 1012.65, Florida Statutes), for accrued sick leave applied to terminal pay for vacation leave accrued under a contractual agreement entered into prior to July 1, 2001, and which expired on June 30, 2004. This office responded with an Informal Attorney General's Opinion in which it was concluded that
"the limitations on terminal pay contained in section 231.40, Florida Statutes (2001), for accrued sick leave did not apply to terminal pay for vacation leave accrued under a contractual agreement entered into prior to July 1, 2001 and which expired on June 30, 2004. Rather, terminal payment for unused vacation leave accumulated before July 1, 2001, under a contractual agreement enter into prior to July 1, 2001, would be made pursuant to the district school board's policies, contracts, or rules that are in effect on June 30, 2001."[1]
However, you have been advised by the Auditor General's Office that the question regarding terminal pay for accrued vacation leave remains and that our informal opinion does not address the issue. You have asked for this office's assistance in resolving this matter.
Section 1001.32(2), Florida Statutes, provides that "district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law." This has been acknowledged as giving school boards broad home rule powers to exercise any power for school purposes in the operation and supervision of the free public schools unless expressly prohibited by the constitution or general law.[2]
Section 1012.65, Florida Statutes, currently provides:
"Terminal pay for accrued vacation leave.-A district school board may establish policies to provide for a lump-sum payment for accrued vacation leave to an employee of the district school board upon termination of employment or upon retirement, or to the employee's beneficiary if service is terminated by death. Effective July 1, 2001, terminal pay for accrued vacation leave may not exceed a maximum of 60 days of actual payment. This limit does not impair any contractual agreement established before July 1, 2001. For unused vacation leave accumulated before July 1, 2001, terminal payment shall be made pursuant to the district school board's policies, contracts, or rules that are in effect on June 30, 2001."
This language was part of the 2002 revision of Florida's Education Code.[3] Section 1012.65, Florida Statutes, however, is substantially similar to its predecessor provision, section 231.481, Florida Statutes (2001), which imposed a 60-day cap for terminal pay for accrued vacation leave prospectively from July 1, 1995. The language in section 1012.65 specifically addressing the impairment of contractual agreements appears to acknowledge that school districts may have had outstanding contractual obligations predating the amendment and therefore imposes a continuing obligation on the districts to honor those contracts.[4] The right to accrued annual leave may implicate both property rights and contractual rights and the language of section 1012.65, Florida Statutes, thus, specifically recognizes the prospective nature of any such determination of terminal pay[5] by providing that the statutory changes do not affect contracts entered into prior to July 1, 2001.
A 60-day cap on terminal pay for accrued vacation leave, however, existed in the Florida Statutes prior to the enactment of section 1012.65, Florida Statutes. As noted above, section 231.481, Florida Statutes (the predecessor to section 1012.65, Florida Statutes), was amended in 1995 to include a 60-day cap on the maximum payment for terminal pay for accrued vacation leave.[6] A multi-year contract entered into after July 1, 1995, and prior to July 1, 2001, would be subject to the same 60-day limit as is currently codified in section 1012.65, Florida Statutes.
Thus, while section 1012.65, Florida Statutes, authorizes school boards to make terminal payments for vacation leave for unused vacation leave accumulated before July 1, 2001, pursuant to the district school board's policies, contracts, or rules in effect on June 30, 2001, or pursuant to a contract entered into before July 1, 2001, it would appear that a 60-day cap was legislatively imposed on those contracts entered into by school boards after July 1, 1995. This office has been provided no information on exactly when any contract with which you are concerned was originally entered into by the school board and a board employee. However, policies, contracts, or rules originating on or after July 1, 1995, would have been subject to the 60-day cap.
In sum, it is my opinion that section 1012.65, Florida Statutes, requires that the 60-day cap for the lump sum payment of accrued vacation leave established by section 1012.65, Florida Statutes, applies to contracts entered into after July 1, 2001. Section 231.481, Florida Statutes (2001), the predecessor statute to section 1012.65, however, also imposed a 60-day cap for contracts entered into after July 1, 1995. For school board employees holding multi-year employment contracts entered into prior to July 1, 2001, and ending June 30, 2004, such payments are governed by the terms of the contract. However, if such contract was entered into after July 1, 1995, the payments would be limited to 60 days.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Inf. Op. to D'Agresta, dated November 18, 2005.
[2] See Ops. Att'y Gen. Fla. 87-18 (1987), 89-87 (1989), 95-67 (1995), and 03-40 (2003).
[3] See s. 741, Ch. 2002-387, Laws of Fla.
[4] See s. 2, Ch. 2001-103, Laws of Fla.
[5] As the legislative history provided for SB 708 (amending s. 231.481, Fla. Stat.) indicates "[g]enerally, an employee is considered to have a property right to any annual or sick leave time he or she may have accrued, and is entitled to payment for the time if it is required to be relinquished. Because of this, changes in employee leave policies are usually prospective and are made effective on a date certain." See p. 2, Senate Staff Analysis and Economic Impact Statement for SB 708, dated March 12, 2001. And see Art. I, s. 10, Fla. Const., stating that "[n]o bill . . . impairing the obligation of contracts shall be passed." And see Art. I, s. 2, Fla. Const., providing that "[a]ll natural persons . . . are equal before the law and have inalienable rights, among which are the right to . . . possess and protect property[.]"
[6] Section 3, Chapter 95-381, Laws of Fla., provides that "[e]ffective July 1, 1995, terminal pay for accrued vacation leave may not exceed a maximum of 60 days of actual payment for employees hired on or after that date." As is noted in Interim Project Report 00-34 of The Florida Senate, "[t]here is no statutory limit on terminal payments for annual leave accumulated by school district employees hired before July 1, 1995, but for employees hired on or after that date the amount is capped at 60 days." See "Leave and Terminal Pay Provisions for Education Employees," p. 4, Interim Project Report 00-34, The Florida Senate, September 1999.